**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

BILL KACHUR,

    Plaintiff,

vs.                                                        Case No. 3:09-cv-1106-J-32MCR

BANK OF AMERICA CORPORATION,

    Defendant.

---

**ORDER**

Plaintiff is proceeding pro se against Defendant, Bank of America Corporation, alleging that Bank of America has violated federal law with respect to Plaintiff's mortgage loan. On April 21, 2010, the Court conducted a preliminary pretrial conference at which the Court suggested the parties try to resolve their differences without further litigation. The parties made some effort to do so but, unfortunately, they seem to be mostly talking past each other. While the Court has not given up on settlement, it is time to move forward with the case.

Before the Court is Bank of America Corporation's Motion to Dismiss (Doc. 8), to which Plaintiff has filed a response in opposition (Doc. 9). After reviewing the Complaint (Doc. 1), the Court has determined that Bank of America's Motion to Dismiss is due to be granted. However, Plaintiff will be given an opportunity to file an amended complaint.

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint be a "short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ.

P. 8(a)(2). Plaintiff's Complaint, which is thirty-one pages long, does not comply with this rule. The Complaint contains many paragraphs which are unnecessary to the causes of action that Plaintiff is trying to plead. For example, paragraphs 5 through 14, titled "Bank of America's History," do not belong in the Complaint. Moreover, Plaintiff appears to be alleging two separate causes of action, one under the Civil Rights Act of 1968, 42 U.S.C. §§ 3601, et seq. (2006) (The "Fair Housing Act" (FHA)) and one under the Equal Credit Opportunity Act, 42 U.S.C. §§ 1691 et seq. (2006). However, the Complaint does not separate these two claims into different counts as contemplated by Rule 10(b) of the Federal Rules of Civil Procedure. To promote clarity, Plaintiff should plead each claim as a separate count (count one and count two) and only allege the facts necessary to support that particular count.

It is not clear whether Plaintiff will be able to allege a proper cause of action under the FHA. The section mainly cited by Plaintiff, § 3631 of the FHA, is a criminal statute and provides no private cause of action. The FHA does have a private enforcement provision at § 3613, but Plaintiff, who invokes it only in his prayer for relief, has not alleged a cause of action under that section.

A cause of action under § 3613 typically takes root in §§ 3602 and 3604 and/or 3605. §3605 in particular is targeted toward mortgage lenders. However, one seeking relief under §§3613 and 3605 would need to establish a prima facie case by proving: (1) that the plaintiff is a member of a protected class (under §3605(a) these are "race, color, religion, sex, handicap, familial status, or national origin"); (2) that the plaintiff applied for and was qualified for a mortgage from defendant; (3) that the plaintiff was rejected for that mortgage; and (4)

that the defendant continued to approve mortgages for similarly situated persons. See, Sec'y, U.S. Dep't of Hous. & Urban Dev. v. Blackwell, 908 F.2d 864 (11th Cir. 1990); Watson v. Pathway Financial, 702 F. Supp. 186, 187-89 (N.D. Ill. 1988).  A plaintiff who proved the prima facie case by a preponderance would shift the burden to the defendant to "articulate some legitimate, nondiscriminatory reason" for its action. Blackwell, 908 F.2d at 870 (quoting McDonnell Douglass v. Green, 411 U.S. 792, 802 (1973)).  A defendant who is able to articulate a legitimate reason for its acts forces the plaintiff to prove by a preponderance that the legitimate reasons asserted are mere pretext. Blackwell, 908 F.2d at 870.  This Court takes no position on whether Plaintiff can properly allege this claim.  This Court only states that he has not done so thus far.

Concerning Plaintiff's Equal Credit Opportunity Act claim, Plaintiff must show: (1) that he was a member of a protected class; (2) he applied for an extension of credit; (3) he was qualified for the loan; and (4) despite being qualified his application was denied. Matthiesen v. Banc One Mortgage Corp., 173 F.3d 1242, 1246 (10th Cir. 1999) (discussing Equal Credit Opportunity Act, 15 U.S.C. § 1691-1691(f) (2006)).  Success in a prima facie claim here would also likely trigger the McDonnell Douglass burden shifting formula. See, Cooley v. Sterling Bank, 280 F. Supp. 2d 1331, 1337-38 (M.D. Ala. 2003) (noting that in most contexts the "Eleventh Circuit has unflinchingly applied Title VII's analytical framework").  Here however, Plaintiff has not pled the third element, that he is qualified for the loan, nor has he adequately pled the fourth element.

Based upon the discussion at the April 21, 2010, status hearing and the documents filed by the parties regarding settlement, it appears that Plaintiff's situation may have

changed somewhat since he filed the Complaint.  If Plaintiff chooses to file an amended complaint, he should allege specific information concerning the loan, attaching appropriate documentation so that the Court can understand the loan transaction and its current status, and allege precisely what it is that he believes that Bank of America has done or is doing that is unlawful.  It is hereby

**ORDERED:**

1.Bank of America Corporation's Motion to Dismiss (Doc. 8) is **GRANTED**.  Plaintiff's Complaint (Doc. 1) is **DISMISSED** with leave to amend.

2.**No later than October 15, 2010**, Plaintiff may file an amended complaint consistent with this Order.  To further assist Plaintiff in drafting the amended complaint, the Clerk is directed to provide Plaintiff with a Step-by-Step Guide.

3.**No later than November 12, 2010**, Defendant shall file its response to Plaintiff's amended complaint.

**DONE AND ORDERED** in Jacksonville, Florida, this 14th day of September, 2010.

_____
TIMOTHY J. CORRIGAN
United States District Judge

bt.
Copies to:
Counsel of Record
Pro Se Parties